STATE OF VERMONT

SUPERIOR COURT                                          ENVIRONMENTAL DIVISION
Vermont Unit                                                Docket No. 54-5-13 Vtec

| Hale Mtn. Fish & Game Club Site Plan Approval |
| --- |

## ENTRY REGARDING MOTION

Title:        Motion for Reconsideration & Withdrawal of Sanctions (Motion 5)
Filer:        Katherine Beauchesne
Attorney:    Herbert G. Ogden
Filed Date:  April 30, 2015

Response filed in opposition on 05/11/2015 by Attorney Rodney E. McPhee for Interested Person Hale Mountain Fish & Game Club

Reply filed on 05/22/2015 by Attorney Herbert G. Ogden for Appellant Owen Beauchesne

**The motion is DENIED.**

Pending before the Court is Owen and Katherine Beauchesne's ("the Beauchesnes") motion for relief from part of this Court's April 17, 2015 Decision ("Decision"). That Decision granted summary judgment in favor of Hale Mountain Fish & Game Club ("the Club") and imposed sanctions on the Beauchesnes under Rule 11(b) of the Vermont Rules of Civil Procedure. In re Hale Mountain Fish & Game Club, No. 54-5-13 Vtec, slip op. at 13 (Vt. Super. Ct. Envtl. Div. Apr. 17, 2015) (Durkin, J). In the Decision, the Court found that the Beauchesnes used the courts to harass the Club by rephrasing questions raised and answered in previous litigation.

The Beauchesnes now ask this Court to reconsider and withdraw the sanctions imposed in that Decision. We generally consider motions to reconsider under Rule 59(e). It is within the Court's discretion to grant a Rule 59 motion if doing so is necessary to (1) correct manifest errors of law or fact; (2) allow a party to provide "newly discovered or previously unavailable evidence"; (3) "prevent manifest injustice"; or (4) respond to an "intervening change in the controlling law." In re Grp. Five Invest., LLC, No. 34-3-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Dec. 4, 2012) (Durkin, J.) (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1).

By their motion, the Beauchesnes argue that this Court's Decision relied on faulty chronology when determining that their Question 1 was precluded and therefore the Court made a manifest error of fact. As we noted in the Decision imposing sanctions, the Club's property has been the subject of multiple litigations over many years and the timeline is, as a

result, rather complex.  For the purpose of clarity, the Court reiterates the timeline of events relevant to this matter as we understand them to be:

- On April 29, 2013 the Beauchesnes filed a notice of appeal, and a Statement of Questions shortly thereafter on May 14, 2013.  At that time, an appeal in Docket No. 190-11-10 Vtec was pending before the Vermont Supreme Court.  That 2010 appeal included a question identical to the Beauchesnes' Question 1 in this 2013 appeal.

- The parties agreed to stay this appeal pending resolution of Docket No. 190-11-10 Vtec.

- The Supreme Court issued a decision in Docket No. 190-1-10 Vtec in June 2014.

- On December 24, 2014 the Club notified the Beauchesnes of their intent to file a motion for sanctions on the theory that the Beauchesnes' 2013 Questions were barred under the theories of issue and claim preclusion.

- The Beauchesnes did not withdraw their Questions, and on February 2, 2015, the Club filed a motion for Rule 11 sanctions with this Court.

- This Court issued its Decision on that motion on April 17, 2015.

- The Beauchesnes filed a motion for reconsideration of that Decision on April 30, 2015.

Although the Supreme Court had not yet addressed the issue in Question 1 when the Beauchesnes filed their Statement of Questions, it had thoroughly addressed the issue by the time this appeal was no longer stayed.  The parties agreed to stay this appeal by their own volition pending the Supreme Court's decision in Docket No. 190-11-10 Vtec.  In a status report dated December 9, 2013, the Beauchesnes stated that they "continue to believe that the Supreme Court's decision probably will moot the present appeal in this Court."  (Beauchesnes' Status Report at 1, filed Dec. 9, 2013).  Just as the Supreme Court's decision had the power to moot the appeal in the Beauchesnes' favor, it likewise could moot the appeal in the Club's favor.  That the Supreme Court did not find in the Beauchesnes' favor does not grant them special leeway to pose the exact same question, verbatim, to this Court in hopes of seeking a favorable answer.

By staying this appeal, the Beauchesnes did not press pause on the passage of time; judicial decisions were issued in the interim addressing their question in the negative.  The Court understood this timeline when issuing its earlier decision.  We therefore conclude that we made no mistake in the rendering of our April, 17, 2015 Decision.  By continuing to pursue in this Court those questions that had been answered against the Beauchesnes by the Supreme Court after expiration of the stay, the Beauchesnes violated Rule 11 of the Vermont Rules of Civil Procedure.

The Beauchesnes offer no claims of any newly discovered evidence, any change in the law, or any manifest injustice.  They devote the remainder of their motion to the reiteration of

the very argument for which they were sanctioned, but offer no new arguments as to why their Questions are not precluded.  This Court and the Supreme Court have addressed the Beauchesnes argument numerous times.  That the Beauchesnes do not agree with the courts' findings and conclusions is not in and of itself grounds for reconsideration.  For this reason, we **DENY** their motion for reconsideration; our Decisions imposing Rule 11 sanctions remains in full force and effect.

Electronically signed on August 20, 2015 at Burlington, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division


Notifications:
Herbert G. Ogden (ERN 1827), Attorney for Appellants Katherine and Owen Beauchesne
Rodney E. McPhee (ERN 3612), Attorney for Interested Person Hale Mountain Fish & Game Club
Robert E. Woolmington (ERN 3047), Attorney for Interested Person Town of Shaftsbury